

**SIGNED THIS 30th day of April, 2026**

_Rebecca B Connelly_
Rebecca B. Connelly
UNITED STATES BANKRUPTCY JUDGE

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA

In re:
**RICHARD W. PILAND, JR.,**                          **Chapter 7**
          **Debtor.**                                          **Case No. 25-50725**

### MEMORANDUM OPINION

The question in this case is whether the debtor has primarily consumer debts. The dispute turns on whether certain tax debt that the Internal Revenue Service (IRS) has designated as currently not collectible is counted in the determination of the amount of debt. The Court finds the tax debt is counted in the calculation of total debt even if the IRS labels some of the debt as currently not collectible and concludes the debtor does not have primarily consumer debts.

### JURISDICTION

This Court has jurisdiction over this bankruptcy case under sections 1334(a) and 157(a) of Title 28, the delegation made to this Court by Order of Reference from the District Court entered on December 6, 1994, and Rule 3 of the Local Rules of the United States District Court for the Western District of Virginia. The dispute in this bankruptcy case requires the Court to rule on a creditor's motion to conduct examinations under Rule 2004 of the Federal Rules of Bankruptcy Procedure, which in turn requires the Court to decide whether the debtor has primarily consumer

debts for purposes of Bankruptcy Code section 707(b). The assessment is necessary before the Court may determine whether the granting of a chapter 7 discharge may be presumptively abusive. Hence, this matter is a core proceeding under section 157(b)(2)(J) of Title 28.

## PROCEDURAL HISTORY

Richard Piland, Jr. filed a chapter 7 bankruptcy petition in this Court. *See* ECF Doc. No. 1. On his schedules, he listed Westlake Legal Group, PLLC ("Westlake") as a creditor. *See id*. Westlake filed a motion to conduct examinations of the debtor and his wife pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure. *See* ECF Doc. No. 10. The debtor objected to the motion. *See* ECF Doc. No. 15.

At the hearing on Westlake's motion, Westlake said that the purpose of the Rule 2004 examination was to determine whether the granting of a discharge is presumptively abusive under Bankruptcy Code section 707(b)(1). Because section 707(b) applies only to debtors whose debts are primarily consumer debts, the Court determined that the threshold issue for purposes of adjudicating Westlake's motion was whether Mr. Piland's debts are primarily consumer debts.

The Court continued the hearing to permit the parties to file briefs and other documents on the issue. *See* ECF Doc. No. 25. Both parties filed supplemental briefing on the discrete issue. *See* ECF Doc. Nos. 29, 35, 36. The Court held the continued hearing, during which counsel for Westlake and Mr. Piland appeared and were heard.

## ANALYSIS

Section 707(b)(1) of the Bankruptcy Code authorizes the court, on its own or on a motion by a party in interest, to dismiss a chapter 7 case or convert it if granting relief would be an abuse of the provisions of chapter 7. 11 U.S.C. § 707(b)(1). Critically, for purposes of this dispute, section 707(b)(1) applies only to an individual debtor whose debts are "primarily consumer debts."

2

*See id.* A "consumer debt" is defined as "debt incurred by an individual primarily for a personal, family, or household purpose." *Id.* § 101(8). "[T]he majority of courts that have considered the issue have concluded that a debt for unpaid income taxes is not in the nature of a 'consumer debt' under § 101(8)." *In re Stovall*, 209 B.R. 849, 853 (Bankr. E.D. Va. 1997); *see also IRS v. Westberry (In re Westberry)*, 215 F.3d 589, 591 (6th Cir. 2000) (holding that tax debt was not a consumer debt for purposes of 11 U.S.C. § 1301). The burden rests on Westlake as the moving party to establish a prima facie case of abuse under section 707(b). *See In re Williams*, 424 B.R. 207, 210 (Bankr. W.D. Va. 2010) (citing *In re Meade*, 420 B.R. 291 (Bankr. W.D. Va. 2009)).

The debtor's Schedule F reflects consumer debts totaling $140,674.30, which is undisputed by the parties, and Schedule E identifies income tax obligations owed to the IRS and the Commonwealth of Virginia. *See* ECF Doc. No. 1. The debtor has not filed federal or state income tax returns since 2013. In lieu of filed returns, the IRS prepared a Substitute for Returns ("SFR") for tax years 2013, 2014, and 2016–2019. No SFR has been prepared for tax years 2015 or 2020–2024. In support of his position, the debtor submitted official IRS account transcripts for tax years 2013 through 2024. *See* ECF Doc. No. 39. These transcripts bear IRS tracking numbers and reflect the IRS's records of assessed liabilities, transaction histories, interest accruals, and collection activity for each tax year.

The IRS account transcripts establish the following assessed federal income tax liabilities as of the petition date, with no liability assessed for years 2015 or 2020–2024:

3

| Tax Year | Balance Plus Accruals |
|---|---|
| 2013 | $36,861.81 |
| 2014 | $18,163.08 |
| 2015 | $0.00 |
| 2016 | $19,519.01 |
| 2017 | $27,716.74 |
| 2018 | $28,236.97 |
| 2019 | $26,594.30 |
| 2020 | $0.00 |
| 2021 | $0.00 |
| 2022 | $0.00 |
| 2023 | $0.00 |
| 2024 | $0.00 |
| **Total Assessed Federal Tax Liability** | **$157,091.91** |

The Commonwealth of Virginia assessed an income tax liability of $2,150.91 for tax year 2019. Based on the exhibits filed with the Court, the debtor's total tax debt as of the petition date was not less than $159,242.82, which exceeds the debtor's undisputed consumer debt of $140,674.30.

Westlake challenged the debtor's IRS account transcripts for years 2013 and 2014 asserting that those transcripts reflect a zero balance and a notation that the accounts are not collectible. Specifically, Westlake notes that both transcripts show a transaction code 520 and a corresponding explanation of transaction described as "Bankruptcy or other legal action filed" with a date and the figure zero under the column for "amount." *See* ECF Doc. Nos. 39-1, 39-2. Westlake notes that the transcripts also show a transaction code 530 explained as "Balance due currently not collectible not due to hardship" with a date and the figure zero in the amount column.

Westlake relies on the code 530 transaction entries ("Balance due account currently not collectible – not due to hardship") displayed under the transaction history in the IRS transcripts for tax years 2013 and 2014 to argue that the liabilities for those years are either uncollectible or

4

zero and therefore should not be included in the calculation for purposes of section 707(b). The Court is not persuaded by Westlake's argument. The figure zero in the entry does not establish that the liability is zero. Instead, it is a notation used in the transaction history when an entry reflects an account status rather than a dollar-value transaction; it does not represent the balance of the account. The transcripts themselves confirm this: interest and penalties continued to accrue after the code 530 entries, as reflected by subsequent code 196 entries. Interest cannot accrue on a balance of zero. Not only that, but the transcripts disclose that the account balance plus accruals is $36,861.81 for the tax period ending 12-31-2013, and the account balance plus accruals is $18,163.08 for the tax period ending 12-31-2014. The header section of each transcript states unambiguously "Account balance plus accruals (this is not a payoff amount)."

Nor does the code 530 designation render the underlying liability uncollectible in any legally meaningful sense. An administrative determination that an account is not collectible does not extinguish or reduce the underlying tax obligation. In any event, both accounts include subsequent code 537 entries reflecting that the IRS itself designated each account as "currently considered collectible" prior to the petition date.

Notwithstanding the IRS's administrative notation used on the transcripts, the underlying tax liability remains a valid legal obligation of the taxpayer and constitutes a debt. A "debt" is defined under the Bankruptcy Code as a "liability on a claim." 11 U.S.C. § 101(12). A "claim" is a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." *Id.* § 101(5)(A). Notably absent from the definition of "claim" is any reference to collectibility or enforceability.

5

In this case, the debtor's tax liability for years 2013 and 2014 constitutes a valid obligation regardless of whether the IRS suspended active collection efforts and designated the account as "currently not collectible" under an administrative code 530 designation. An IRS determination that an account is not collectible is an exercise of administrative discretion and does not eliminate the underlying assessed obligation. *See Midland Funding, LLC v. Johnson*, 581 U.S. 224, 229 (2017) ("[Section 101(5)(A)] makes clear that the unenforceable claim is nonetheless a 'right to payment,' hence a 'claim,' as the Code uses those terms."). In other words, the existence of an affirmative defense does not render the right to payment nonexistent. *See id*. Accordingly, because the 2013 and 2014 IRS tax liabilities are properly counted in calculating the debtor's non-consumer debts, the Court concludes that Mr. Piland's debts are not primarily consumer debts.

## CONCLUSION

For the reasons explained in this opinion, the debtor does not have primarily consumer debts. Because his debts are not primarily consumer debts, section 707(b) does not apply to this case. Westlake's sole basis for seeking an examination under Rule 2004—to determine whether the presumption of abuse arises under the means test—is mooted by the Court's determination that section 707(b) is inapplicable to this case. The Court will issue a separate order consistent with the conclusions in the opinion.

6